Hear you, hear you, hear you. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning. Today is our final day of the week for oral argument. It's been a great week of oral argument. We've had 15 cases on the docket and this morning we'll hear the last four. Judge Jordan and I are really grateful that our colleague from the Northern District of Georgia, Judge Brown, has joined us for today and for Wednesday. We have a custom of inviting district judges from within the circuit after a couple of years on the bench to sit with us and to get an our work and when we review their work and we also get to hear their perspective about how our precedents are working out or maybe not working out on the ground. We appreciate his willingness to assist us in that work this week and to take on that extra responsibility over and above the work that he already performs for the district court. So thank you, Judge Brown. Thank you. Our first case this morning is United States v. Mosely. Counsel, for all cases, we're familiar with your cases. We've read your briefs. The authorities cited in your briefs. We've looked at at least portions of the record. You don't have a lot of time this morning so in the limited time that is available to you, feel free to get straight to the heart of your argument. You don't need to to familiarize us with your case. We know about your case. So let's hit the main points that you want to make this morning. We're probably going to have some questions. If you're answering a question from the court, feel free to finish your answer but do be mindful of the clock. When the clock expires, it is time to finish up unless you're answering a question from the court and you haven't finished your answer and if you do that, you won't lose any rebuttal time if you have any. So our first case, United States v. Mosely. Ms. Howard, will you speak with us? Yes, thank you, Your Honor. Good morning and may it please the court. There are two issues I'd like to focus on today. First, the district court's failure to give Mr. Mosely an opportunity to object to its ultimate findings of fact which resulted in reversible error under Jones. And second, the district court's improper consideration of and reliance on Mr. Mosely's bare arrest record. Starting with Jones, after the sentencing hearing, the district court filed a written statement of reasons and in that document, the district court made four new aggravating factual findings the district court expressly relied on in its decision to impose a substantial upward variance. The court had not made those findings during the sentencing hearing and some of those findings conflicted with statements it made during the hearing. Mr. Mosely thus lacked an opportunity to object to the court's ultimate factual findings which is required under this court's precedent in Jones. And this was not mere technical or harmless Jones error but instead one that warrants remand because the record is insufficient to I get that some of the reasons provided in writing by the district court afterwards were either completely different or slightly different. So one of them was and I want you to I just want to make sure I've got them right according to your perspective. So number one was and these are not necessarily in order but number one is in the statement of reasons the district court said he had no proof of employment ever whereas at the sentencing hearing the district court had said that he had employment for a brief interlude. So that's one of the ones you contend changed right? Correct your honor. Okay the other one the other one was about the weapon that was possessed having been stolen from the police department itself right because the district court did not mention that in at the sentencing hearing right? Correct your honor. Okay the other one is sort of in my mind up in the air a little bit the other one you say was that the other crime was a concealed carry is that the third one or fourth one? No your honor it's that the third one is that the car was not obtained from legal wages. Oh because in the at the at the sentencing hearing the district court said that it didn't know whether or not the car came from legal wages and here it definitively said that it did not. Correct your honor and the fourth the fourth finding about the firearm that we object to is that it was the type used in local street crime that was a new finding. Okay thank you. Yeah this is a this is a compact nine millimeter pistol. You're telling me a district judge can't take judicial notice that that's the kind of weapon that is frequently used in street crime? Your honor. That seems that seems incredibly dicky to me. Well a couple of points to that your honor. I think the problem with that if he had had an opportunity to object to would have been the implication that Mr. Mosley had the weapon to to participate in street crime. I don't think that's necessarily the implication at all. I mean the the implication for possessing that kind of weapon is it's just what it says that the kind that's frequently used in street crime it might be that he would be likely to use it but it also you know makes it a valuable commodity for other forestry criminals. It you know it's a dangerous kind of weapon to have in in the hands of folks with criminal history. I understand your honor but I would point out that it's not just that one fact even if the court disagrees that that fact isn't one that the court could take judicial notice of that he didn't have a chance to object to. It's the cumulative effect of all of the new findings that Mr. Mosley lacked an opportunity to object to let's talk about some of them. I mean that the the the pre the the pre-sentence investigation report factual summary was uncontested and it said that the weapon was stolen out of the Hillsbury County Sheriff's Office. He can make it he can infer from that that it was actually stolen from the Sheriff's Office right? No your honor I I disagree with that and I have a couple of points on that. First I read the PSR differently. I read the PSR the only factual allegation about the gun is paragraph six in the offense conduct section which says that the gun was reported stolen in Hillsborough County. What about paragraph 15? Paragraph 15 is not part of the offense conduct section. It's applying the offense conduct to the the calculation and it's not making any new factual application. I certainly give your honor that it's an inartful paraphrase and it says that it was reported stolen out of the Sheriff's out of the Hillsborough County Sheriff's Office. No objection was raised to that. No your honor because what that paragraph means is that the Hillsborough County Sheriff's Office have reported the gun stolen. If it had meant that the gun had been stolen from the police station I'm sure that the government would have pointed that out in in at some point during the sentencing hearing it didn't. You're better it seems to me it seems to me that your better argument on that point is that if the language in the pre-sentence investigation report was ambiguous and could have been read one or two different ways about where the gun was stolen from you should have had the opportunity to try to persuade the district court or get probation to clarify that the gun was not stolen from the police department itself. Absolutely your honor and that was my next point which is that even if this is a reasonable inference or one of a competing inference from that paragraph Mr. Mosley was entitled to an opportunity to object after the district court made that inference and made that final fact finding. The government suggests that if something is an inference from the PSR there's no Jones error but I disagree with that as as a legal premise because if that's the case of course district courts can make inferences that we don't dispute that at all but if the if defendants and for that matter the government have to predict any inference from the PSR and preemptively object to those inferences that would be for one thing probably practically impossible and second of all it would clog the proceedings with needless objections instead what Jones requires is an opportunity to object after the fact and if Mr. Mosley had that opportunity here he could have presented argument as Judge Jordan noted he could have presented frankly evidence to show the district court that that its conclusion was incorrect and so that's why the Jones error here is harmful. Can you turn to the district court's reliance in part on Mr. Mosley's arrest record? Yes your honor during the sentencing hearing and again in the statement of reasons the district court repeatedly emphasized that Mr. Mosley had 59 arrests or law enforcement encounters what it averaged to be one every three months since he was 12 and that calculation included the bare arrest record which were the arrests in the PSR that had no underlying factual information but simply the the date charge and disposition and this wasn't. How many of those were there? There were 15 so it was about half of the arrests that had not resulted in conviction and when you remove the arrests that were related to the federal charge it was more than half of them. If we take it by my count there are at least 48 unique police encounters and at least 36 of the 48 are not bare arrest unaccompanied by facts so there are at least 36 encounters that would have been appropriate for the district court to consider even if this court extended to upward variances the no prior arrest rule that applies to upward departures which is a separate question and if you take those 36 we're talking about 12 years they started on in in March of 2006 his first juvenile adjudication and ended in 2018 dividing those 144 months by 36 encounters he has an encounter every four months instead of every three months. I mean this seems to me to be a meaningless difference. Your honor I would respectfully disagree with that and we certainly do not dispute that Mr. Mosley has a significant criminal record he has criminal convictions he admitted to criminal conduct outside of those criminal convictions and we and we don't dispute that but what the district court did here was it took every single arrest in the district court's calculation that was 59 not 48 and it equated each of those arrests with a prior incident of criminal conduct and then it extrapolated from that I took I took out of the calculation that are that are really double counting there are some that are double counting as well that's how I got 48 correct your honor but what the district court did was it thought that each one was a prior incident of conduct and is it if I finish my question your honor I see that of course yeah you're still on our time thank you and it relied on that calculation which was based on its faulty faulty arithmetic and the unreliable bear arrest record to reach its conclusion that Mr. Mosley had never been free from criminal conduct for any period of time but his sole product on earth was crime and those were based on its calculation and well it may very well be that the court could come to a similar sentence based on proper considerations the question here is whether the court relied on the improper considerations in reaching its sentence and I think it clearly did are there any other questions um okay um you've saved five minutes for rebuttal Miss Howard Mr. Seneca good morning your honors may it please the court Sean Siakinen for the United States I I'd like to start by acknowledging the one mistake that was made in this case it was a minor mistake and that is that the term of Mr. Mosley's supervised release required him to maintain employment was described slightly differently in the written judgment than it was in the uh at the sentencing hearing and as this court is aware when there is a discrepancy between the written judgment and the oral pronouncement the oral pronouncement controls yeah I think we understand that that at least is going to have to be correct yes so that's I ask you to go uh to the point about the gun uh are you suggesting that the gun was in fact stolen from the police department or are you conceding that in fact it was not stolen from the police department neither are the the point the the issue on appeal is that uh if Mr. Mosley thought that that statement met when he now did anybody is there any reason to think that anybody read paragraph six to mean that it was stolen from the police department paragraph six no not necessarily I mean it simply says that it was reported stolen in Hillsborough County yes in paragraph 15 part of the guidelines calculations to which Mr. Mr. Mosley did not object states that on November 8th 2017 the firearm was reported I in the light of the very clear statement in paragraph six and knowing that paragraph 15 is a paragraph that is written by a probation officer and seems to use what I think is fairly common law enforcement verbiage of out of meaning reported by I just I have a hard time uh thinking that anybody involved at that sentencing hearing actually believed there was a claim that it was stolen from the police such that Mr. Mosley should have in any way anticipated that the judge thought so and should have objected to it well at a minimum what the district court said in the statement of reasons was facially consistent with paragraph 15 of the PSR the district court said the stolen weapon that Mosley possessed was stolen from the police department that is at a minimum facially consistent with the PSR paragraph 15 which says the firearm was reported stolen out of the Hillsborough County Sheriff's Office and I know today whether that was right or wrong no and I that's not in the record and I agree with your honor that it is at a minimum ambiguous but it's that's precisely the sort of ambiguity that our sentencing scheme expects and requires defendants to identify when they think it's material or ambiguous and object to when they receive the copy of the pre-sentence report which Mr. Mosley received in this case uh and then uh if there's no reason but there's no reason to object Mr. Seekinen from my perspective there's no reason to object if you read that language in both paragraphs as Judge Brown just suggested it's like I don't object yes it was stolen in Hillsborough County and it was reported stolen by that police department here's my here's here's my perspective and I give you only my personal perspective I think this is a case that easily calls for an upward variance if I were sitting as the district judge but it seems to me that the easiest way to take care of everything is just to remand and let the district court decide again whether or not it's going to impose the same level of an upward variance because of at least two things number one is the thing the claim that the police that the gun was stolen from the police department that may have affected the district court's decision about how far to vary it was important enough to put in the statement of reasons and Mr. Mosley didn't have an opportunity to argue that in fact it wasn't stolen from the police department number two at the sentencing hearing the district court said that he had a brief interlude of employment then in the statement of reasons he says no employment ever and then at the sentencing hearing he says that the infinity may have come from illegal sources in the statement of reasons he says it definitely comes from illegal sources now all of those things may not make a difference to the district judge on remand and he may decide to impose the same level of variance that he did before and frankly if he did that from my perspective I would affirm that upward variance but your honor I just don't I don't feel comfortable affirming on this record when some new things were put in the statement of reasons and Mr. Mosley didn't have an opportunity to tell the district court no no you're mistaken about those three things your honor I would respectfully suggest that nothing there was nothing new or different in the statement of reasons and I'd like to address in turn each of the uh statements that that you mentioned can I can I ask you to incorporate one other thing when you do that sure and that is the fact that the district court here specifically said that he was going to identify his reasons in the statement of reasons he said I'm going to give you more information I'll write it all down in the judgment and I think that is a is when you have what Judge Jordan was just talking about and then he doesn't discuss it at all orally uh in assessing the 35 53 factors I think that just amplifies the yes there's a lot here um would you like me to respond to Judge Jordan's question first or to your question first I want you to respond to Judge Jordan's question but in the light of the fact that he never made those uh observations at sentencing sure so the first statement is uh in in section eight of the statement of reasons it says there was no proof of employment ever the statement of reasons does not say that there was no employment ever it says there is no proof of the facts in the PSR and what was discussed at the sentencing hearing for the following reasons Mr. Mosley himself told the probation office that he had never held any job that could be verified other than his uncorroborated assertion of having worked with his grandfather when he was 23. He offered no proof of employment ever either to the probation office or to the district court sentencing and he did not object when the district court stated at sentencing that there was no evidence that he had ever held verifiable employment so so the statement of reasons does not say that uh as a factual matter he was never employed it says there's no proof of employment which is entirely consistent with the district court statement on page 11 of the sentencing transcript um that with one very brief interlude there is no evidence of he has no verifiable employment so so that's that's the distinction I think I agree with you that's that's your best that's the best of the facts that have been identified I think that is a really ticky tacky kind of distinction uh but but how about the others so the next statement in the statement of reasons is that the infinity car that he drove came from other sources not legal wages and again there's just no daylight here Mr. Mosley admitted that the only wages he'd ever earned were six hundred dollars per week when he worked for his grandfather for an unspecified period of time at 23 years old two years before he was caught fleeing from police in the infinity so no employment whatsoever in the previous two years and only a brief period of employment earning just a few hundred dollars per week before that and significantly Mr. Mosley did not object when the district court stated its sentencing that there was quote no indication that he got the car from a lawful job the car might have been a gift he might have paid for it with an inheritance who knows but the point is that the undisputed facts in the PSR and its sentencing demonstrated that Mosley did not could not have purchased it with his own legal wages and that is what the district court said in the statement of reasons so the third statement is that the stolen weapon that Mosley possessed was stolen from the police department we've we've discussed that one and the final statement was that the weapons your weakest one don't you think I mean that's where perhaps it's the most material variation I don't think that there's a material variation between the PSR between would you would you admit that it's the closest I would say that there's an ambiguity in paragraph 15 of the PSR and one that really never came up at the hearing it just appears for the first time in the statement of reasons right well that's right and this raises another important point your honor you know here isn't the way this is supposed to work is you have a a sentencing hearing and the statement of reasons is is just a form exactly that a district judge fills out after the fact that we would expect it to reflect be consistent with what has already occurred and the and the problem I think my colleagues are having is there there it does seem to go further than what comes up at the hearing where the defendant has an opportunity to object to to those things this the idea that this was stolen from the sheriff the defendant says really just comes out of the blue well again I agree there's an ambiguity I wouldn't say it comes out of the blue because the plain language of the PSR says it was reported stolen out of the Hillsborough County you could take that more than one way that you could yes never said at the at the hearing right that that's the way he was inferring uh that that would that that was the inference he was drawing that's true and that's why criminal defendants have capable and qualified counsel as they are required to have under the sixth amendment I don't think that's a fair response I have very grave concerns about your office coming here and recommending or representing that this was something that anybody at the time should have had any idea that the district court was going to interpret the language that way um I I think it hurts your other arguments because it seems like such an inconsistent reading of the transcript and the PSR and frankly just understanding that when somebody like a probation officer writes the language of out of what they need it really it frankly it shocks me that your office is pushing this and I suspect that if we had the the you were not at sentencing is that right I was not I wonder what we would get if we had the lawyer who was involved at sentencing well I I don't know your honor and I will stop pushing on this point uh your point is well taken but I'd like to take a step back then and make an important contextual point a district court does not find facts in a statement of reasons factual determinations must be made at the sentencing hearing that's rule 32 the statement of reasons may be submitted up to 30 days after sentencing getting to Judge Pryor's point my definition it contains a brief summary and overview primarily for statistical purposes but this was my point earlier is that he said it's not like it's sentencing he discussed a lot of it he he went through the PSR and he discussed some of his concerns but when he got down to applying the 3553 factors he said I'm going to very upward the basis would be 3553 a1 history of the defendant and nature of defense and I'll write all this down in the judgment and then in judgment he wrote that what he was referring to essentially was that it was stolen out of or from the police department it seems to me as though you're right about the purpose of a statement of reasons but the way he incorporated it into his uh oral pronouncement seems to me to just exaggerate that he was actually thinking that but not saying it at sentencing well I understand that point as well your honor but I'll say that as I read that portion of the sentencing transcript I see another ambiguity there I didn't I didn't take that statement uh in the sentencing transcript to mean that he intended to necessarily well first of all one ambiguity is that those sorts of things typically are not described in the quote-unquote judgment which is what he mentioned at that point uh they're typically uh described in the statement of reasons which is separate from the judgment and the significance of that is that this court has held and other courts have held that the statement of reasons is simply an administrative clerical document that does not protect the the substantive rights of the individual defendants in the cases in which it is generated and but you would agree that if if a district court gave reasons one and two for varying either up or down and then gave reasons three through ten in the statement of reasons for doing the same a reviewing court and a party would have some concerns right concerns yes I think that's the fundamental question in this case is whether and how to what extent can and should appellate courts review the statement of reasons and it the statement of reasons is not part of the judgment it's primarily an administrative statistical document and the few unpublished cases that we found from from this circuit addressing these sorts of issues either hold that if there's a discrepancy or conflict it's immaterial because the document is strictly for statistical purposes or in at least one case in an unpublished case this court did remand for the limited purpose of conforming the written statement of reasons to match the oral pronouncement uh consistent with we have that's kind of at least what we have here though right well yes so what i'm that would be my arguments are twofold one I do not see much if any daylight between any of the statements with which Mr. Mosley takes issue in the statement of reasons and the record of sentencing but understanding your honor's uh different view that you you you do see some material daylight then my my point then would be that the the the remedy for that would simply be remand to conform the statement of reasons to match the uh the oral pronouncement and i can i ask one more question chief of course if the district court had put all of the things it wrote in the statement of reasons in a memorandum sentencing order that was filed in conjunction with the judgment would your argument be the same well i don't know your honor that's a good question what i would say to that is that this court generally holds that things like the statement of reasons are extrinsic evidence that can be relevant of the district court's intention in imposing a sentence but those things are only looked at when there is some ambiguity my only my only purpose in asking the question is to suggest that sometimes the statement of reasons really functions like a sentencing order where the judge sort of sets out in much more detail the reasons why it did a certain thing at sentencing um so that's all you answered my question thank you very much yeah i had i had i participated in the development of the new statement of reasons form when i was on the sentencing commission and you're right it's primarily for um some statistical purposes um the sentencing commission particularly wanted more feedback from the statement of reasons uh that was i it's where it's easier to um capture the data and and then uh manipulate it for you know for the generation of of our reports that sort of thing uh but um i'm not using manipulate in the pejorative sense just an operational sense but um but but there there does appear to be something maybe a little maybe a little bit more going on and and i think it's it may well be likely that it goes back to the district judge and he does exactly the same thing in terms of bottom line sentence your honor i see my time is up may i make one very very brief point i have not had a chance to address it's it's a legal issue and and that is that whatever this court uh thinks about the uh language that the district court used in the statement of reasons i want to far as we can find that jones requires or guarantees a defendant the right to object to the language that appears in the statement of reasons and that would be quite a departure and quite a significant extension from jones what jones holds it's a prophylactic rule that says that the district court must elicit fully articulated objections after the imposition of the sentence the sentence is imposed at the sentencing hearing and there's no dispute that elicited objections after imposing a sentence so uh whatever issues uh and concerns this court uh identifies with the statement of reasons i i think it would be problematic to contextualize that in the jones framework okay i understand your point uh miss howard you've saved five minutes thank you your honor um i want to start with just briefly the this discussion that opposing council was having about the point of the statement of reasons and i certainly don't contest that the statement of reasons is administrative document that is not intended to make new findings of fact and perhaps for that reason that's why jones hasn't been extended to it but i think that just highlights the problem of what went wrong here because the district court did make new findings in in the statement of reasons and what jones says is not just that a defendant has an opportunity to object after the district court imposes sentence but that it has an opportunity to object after the district court makes it i mean i i've got to tell you i think that the differences here that you've identified are mostly immaterial but would you agree with me that your best your best argument about that is the weapon being stolen out of the sheriff's office i certainly think that's probably the most aggravating fact and the one that is the most um well it's where there's two there's the clearest difference to difference yes your honor and i did um want to just respond uh there was a question about you know whether whether the gun had actually been stolen out of a sheriff's department and i agree it's not in the record um but i have reviewed could make a proffer that i've reviewed the discovery we received and if mr mosley was able to go back on remand he would be able to i believe show that the gun had not been stolen from a police department and if the court would like to supplement the record on that i'd be happy to now i'd rather not be okay i didn't ask i'll trust you on that i didn't ask the question to suggest that it actually uh matters obviously we have a record in front of us it's just the fact that there seems to be an argument being made that is at odds directly with at least one statement in the psr and i think a fair reading of the second statement when you consider that it's written by law enforcement absolutely i absolutely agree with that your honor i think the point you're making about uh the statement of reasons is that the only purpose it has here is to identify a factual finding by a judge that was not um enunciated at the time of the sentencing and therefore not objected to is that your point yes that's correct your honor um and so mr mosley was did not have that opportunity to object and had he had that opportunity object he could have put on his argument he could have put on evidence to show the district court why its factual findings its new factual findings were erroneous and had it done so the district court may very well have made different factual findings which may have impacted its decision on this sentence or at the very least then this court would have a more developed record to review mr mosley's claim on appeal of of the procedural error that occurred but that didn't happen here and so to judge jordan's point um earlier i i think that the the easiest thing and the best thing for this court to do is is to remand so that the district court can have the benefit of mr mosley's objections it can have the benefit of his arguments and evidence and it can decide in the first instance what a reasonable sentence is based on on the correct information and then the reliable information about mr mosley and his offense there are no further questions i don't hear any miss howard oh and we appreciate you giving us some time back um so thank you very much you're very welcome thank you your honor okay have a good weekend